*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HANZHA DARBY, | : | |
| | : | Civil Action No. 18-10654 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Hanzha Darby's amended motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 challenging his criminal conviction and sentence. (ECF No. 4). Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will deny the petition and deny Petitioner a certificate of appealability.

**I. BACKGROUND**

Because Petitioner's sole claim is without merit, only a brief recitation of the background of this matter is necessary for the purposes of this opinion. On August 14, 2013, Petitioner, Hanzha Darby pled guilty to carjacking in violation of 18 U.S.C. § 2119 and brandishing of a firearm in furtherance of a crime of violence, specifically carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Docket No. 13-56 at ECF No. 47). Petitioner was thereafter sentenced on March 25, 2015, to 144 months imprisonment. (Docket No. 13-56 at ECF No. 104). Petitioner

did not appeal his conviction or sentence.

Over a year later, on May 16, 2016, Petitioner filed a letter which this Court recharacterized as a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in which he argued that his carjacking conviction was no longer sufficient to sustain his firearm conviction following the Supreme Court's decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (Docket No. 16-3110 at ECF No. 1). Petitioner, however, chose to withdraw that petition. (Docket No. 16-3110 at ECF No. 3). Petitioner's first § 2255 motion was thus dismissed without prejudice as withdrawn on June 29, 2016. (Docket No. 16-3110 at ECF No. 4). Nearly two years later, on June 12, 2018, Petitioner filed a new § 2255 motion raising a nearly identical claim to that raised in his withdrawn petition. (ECF No. 1). The only real difference between the claims raised in Petitioner's current petition and his withdrawn petition is Petitioner's newfound reliance upon the Supreme Court's recent decision in *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018), as well as *Johnson* to support his argument that portions of § 924(c) are unconstitutionally vague and that his carjacking conviction no longer qualifies as a crime of violence sufficient to support his weapons offense. (See ECF Nos. 1, 4).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

2

>impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court must preliminarily review Petitioner's amended motion to vacate and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

**1. An evidentiary hearing is not required to resolve Petitioner's claims**

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's

impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court must preliminarily review Petitioner's amended motion to vacate and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

**1. An evidentiary hearing is not required to resolve Petitioner's claims**

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's

personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's sole claim is without merit as a matter of law, no hearing is necessary to resolve this matter.

**2. Petitioner's *Johnson/Dimaya* claim is without merit**

Petitioner argues in his current motion that the residual clause of § 924(c) is unconstitutionally vague pursuant to *Johnson* and *Dimaya* and that carjacking is therefore not a crime of violence sufficient to support his conviction under § 924(c). Even if Petitioner could show that this claim should not be barred by § 2255's one year limitations period,[1] his claim is

---

[1] Although the Court need not rest its decision on the time bar issue as Petitioner's sole claim is without merit, it appears from the record of this matter that Petitioner's current motion is most likely time barred. Motions brought pursuant to 28 U.S.C. are subject to a one year statute of limitations. 28 U.S.C. § 2255(f). That limitation period begins to run from the latest of the following events: the date on which the Petitioner's conviction becomes final, which includes the time in which a Petitioner could have filed an appeal where he fails to do so, *see Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); the date on which an impediment created by the Government is removed; the date on which the right asserted was first recognized by the Supreme Court where a new right has been recognized by the Court and made retroactive to cases on collateral review; or the date on which the facts supporting the claim first became discoverable through due diligence. *See* 28 U.S.C. § 2255(f)(1)-(4). As a criminal defendant must file his notice of appeal from his conviction within fourteen days, the conviction of a petitioner who fails to file a direct appeal becomes final for statute of limitations purposes fourteen days after his sentencing. *See Johnson v. United States*, 590 F. App'x 176, 177 (3d Cir. 2014); *see also Kapral*, 166 F.3d at 577; Fed. R. App. P. 4(b)(1)(A)(i). Petitioner's conviction thus became final more than three years ago when he failed to file an appeal, and his current motion would only be timely if there was some basis for a later starting date. Although Petitioner asserts that *Dimaya* should provide him a later start date for the limitations period, the Supreme Court in *Dimaya* stated that its holding was no more than a "straightforward application" of the rule first announced in *Johnson*,

4

utterly without merit as it ignores the fact that § 924(c)'s definition of a crime of violence would still contain a valid force clause under which carjacking is categorically a crime of violence.

Section 924(c) provides a criminal penalty for any individual who possesses, brandishes, or discharges a firearm in relation to either a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c). The statute further defines a "crime of violence" to mean an offense "that is a felony" and either (a) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "force" or "elements" clause), or (b)"by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual" clause). 18 U.S.C. § 924(c)(3). In *Johnson* and *Dimaya,* the Supreme Court found that the nearly identical residual clauses of two similar statutes were unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1213-1223 (finding residual clause of 18 U.S.C. § 16(b) unconstitutionally vague); *Johnson*, 135 S. Ct. at 2561-2563 (finding residual clause of Armed Career Criminal Act unconstitutionally vague). Neither case, however, invalidated the remaining elements clause of either of those two statutes. Thus, even if this Court were to assume, *arguendo*, that *Johnson* and *Dimaya* render the residual clause of § 924(c) unconstitutionally vague, Petitioner's § 924(c) conviction would remain entirely valid so long as his underlying crime, carjacking pursuant to 18 U.S.C. § 2119(1), was a "crime of violence" under the elements clause of the statute.

---

and thus did announce a new rule of constitutional law. *See* 138 S. Ct. at 1213. *Dimaya* thus cannot provide a later start date for the limitations period. *See* § 2255(f)(3). Petitioner's one year limitations period would instead run from June 2015 – when *Johnson* was decided and announced the rule of constitutional law that Petitioner relies upon. Petitioner's one year limitations period thus appears to have expired two years ago absent some basis for equitable tolling.

While the Third Circuit has not directly addressed the issue of whether carjacking is under all circumstances categorically a crime of violence under § 924(c), all of the Courts of Appeals to do so post-*Johnson* have unanimously held that carjacking under § 2119 is categorically a crime of violence under the elements clause of § 924(c). *See, e.g., United States v. Gutierrez*, 876 F.3d 1254, 1255-57 (9th Cir. 2017) ; *United States v. Evans*, 848 F.3d 242, 245-48 (4th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280-81 (11th Cir. 2016). Unfortunately for Petitioner, he was not only convicted of carjacking, but also of carjacking while brandishing a firearm in violation of 18 U.S.C. § 924(C)(1)(A)(ii). In *United States v. Robinson*, the Third Circuit held that Hobbs Act robbery, which largely mirrors the carjacking statute in that both statutes require that the defendant take either a motor vehicle or property of another by force, violence or intimidation, *see* 18 U.S.C. § 2119; 18 U.S.C. 1951(b)(1), is categorically a crime of violence when accompanied by a conviction for brandishing a weapon under § 924(c)(1)(A)(ii). *United States v. Robinson*, 844 F.3d 137, 140-44 (3d Cir. 2016). In a concurrence, one judge on the *Robinson* panel went further and followed the Second Circuit in concluding that a crime involving such a requirement is *always* a crime of violence with or without the additional brandishing requirement based on the language Hobbs Act robbery shares with the carjacking statute. *Id.* at 151 (Fuentes, J., concurring, citing *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016), *amended* 890 F.3d 51 (2018)). In *United States v. Foster*, --- F. App'x ---, 2018 WL 2331764, at *2 n. 5 (3d Cir. May 23, 2018), the Third Circuit applied Robinson and found that carjacking is also categorically a crime of violence when accompanied by a conviction for brandishing a weapon. Thus, the Third Circuit has concluded that carjacking, when accompanied by a conviction for brandishing a weapon under § 924(c)(1)(A)(ii), is categorically a crime of

6

violence pursuant to the elements clause of § 924(c). Because carjacking, when accompanied by the brandishing of a weapon, is categorically a crime of violence under Third Circuit case law and because Petitioner pled guilty to both carjacking and brandishing a weapon, his conviction is categorically a crime of violence under the elements clause of § 924(c), and his conviction is therefore proper even assuming that *Johnson* renders § 924(c)'s residual clause invalid. Petitioner's sole claim is thus clearly without merit, and his motion to vacate sentence must be denied.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's sole claim is clearly without merit, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

### IV. CONCLUSION

For the reasons stated above, Petitioner's amended motion to vacate sentence (ECF No. 4)

is DENIED, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: July 12, 2018

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge