**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HANZHA DARBY,** | **Civil Action No. 18-10654 (SDW)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

IT APPEARING THAT:

1.   On or about June 12, 2018, Petitioner Hanzha Darby filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 seeking to raise a claim pursuant to the Supreme Court's decisions in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018).  (ECF No. 1).

2.   As Petitioner did not use the form required by the local rules, this Court administratively terminated this matter on June 19, 2018, until such time as Petitioner refiled his petition on the correct form.  (ECF No. 2).  Petitioner thereafter refiled his petition on the correct from on July 3, 2018.  (ECF No. 4).

3.   On July 12, 2017, this Court entered an order and opinion which screened and denied Petitioner's motion to vacate sentence as Petitioner's *Johnson*/*Dimaya* claim was utterly without merit as Petitioner's conviction for carjacking accompanied by a conviction for brandishing a

weapon in violation of § 924(c) was categorically a crime of violence even assuming that *Johnson* or *Dimaya* had invalidated the residual clause of § 924(c).[1]  (ECF Nos. 6-7).

4.  More than two months later, on September 17, 2018, Petitioner filed with this Court a document in which he asked for "extension of time so that he may properly respond to [the Court's screening] opinion."  (ECF No. 9).  At the time, it was not clear what deadline Petitioner sought to have extended, but it now appears what he was seeking was an extension of time within which to file a motion for reconsideration of this Court's final order denying his motion pursuant to Federal Rule of Civil Procedure 59(e).

5.  On October 4, 2018, filed with this Court a response, which this Court construes to be a motion for reconsideration[2] of the Court's screening decision, brought either pursuant to Local Civil Rule 7.1(i) or Federal Rule of Civil Procedure 59(e).

6.  Motions for reconsideration must be brought either pursuant to Local Rule 7.1(i) – which applies to all decisions of this Court – or Federal Rule of Civil Procedure 59(e) – which applies only to reconsideration challenges to the entry of judgment.  To the extent a motion is brought pursuant to Rule 59(e), it "must be filed no later than 28 days after the entry of judgment," and this Court cannot extend that deadline.  *See* Fed. R. Civ. P. 6(b)(2); Fed. R. Civ. P. 59(e). Local Rule 7.1(i) has an even more stringent time limitation – motions pursuant to the local rule must be "served and filed within 14 days after the entry of the order" being challenged.  Local

---

[1] The Court also noted that the motion was most likely time barred, but did not rely on the time bar for the purposes of disposing of Petitioner's motion as Petitioner's sole claim was clearly meritless.  (*See* ECF No. 6 at 4-5 n. 1).

[2] Petitioner explicitly argues that this Court erred in denying his petition and denying a certificate of appealability and requests that the Court "review" its decision to deny his motion and/or review its decision denying him a certificate of appealability.  This Court thus construes this document to be a motion for reconsideration.

Civil Rule 7.1(i); *see also Smart v. Aramark, Inc.*, 618 F. App'x 728, 730, 730 n. 3 (3d Cir. 2015) (noting that Rule 7.1(i) reconsideration motions have a fourteen day deadline while Rule 59(e) motions have a twenty-eight day deadline).

7.  In this matter, the Court entered its decision on July 12, 2018.  Petitioner did not file his motion for reconsideration until October 4, 2018, three months later.  Indeed, even were this Court to instead give Petitioner the benefit of the date on which he asked for an extension of time, an extension the Court notes it has no authority to grant, *see* Fed. R. Civ. P. 6(b)(2), that letter was postmarked on September 17, 2018, more than two months after the denial of Petitioner's motion to vacate sentence.  Petitioner's motion was thus filed several months after the expiration of the time for filing a motion for reconsideration pursuant to the Local Rules, and approximately two months after the twenty eight day time period for filing a motion pursuant to Rule 59(e) had expired.  Petitioner's current motion is thus clearly time barred and will be denied as such.

8.  In conclusion, Petitioner's motion for reconsideration (ECF No. 10) is DENIED as time barred.  An appropriate order follows.


Dated: October 15, 2018                                    *s/ Susan D. Wigenton*
                                                           Hon. Susan D. Wigenton,
                                                           United States District Judge